**DES MOINES REGISTER AND TRIBUNE COMPANY and Tom Knudson, Plaintiffs,**

v.

**U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, Defendant.**

Civ. A. No. 82–736.

United States District Court, District of Columbia.

March 31, 1983.

Memorandum Opinion May 20, 1983.

Robert A. Marmet and Harold K. McCombs, of Marmet & McCombs, Washington, D.C., with whom Michael A. Giudicessi, Donald E. Lively and Joseph P. Thornton, Des Moines, Iowa, were on brief, for plaintiffs.

Margaret A. Irving, U.S. Dept. of Justice, Washington, D.C., with whom Stanley S. Harris, U.S. Atty., District of Columbia and Royce C. Lamberth, Asst. U.S. Atty., Washington, D.C., were on brief, for defendant.

## ORDER

CHARLES R. RICHEY, District Judge.

Before the Court are defendant's motion for summary judgment, plaintiffs' opposition thereto, plaintiffs' motion for summary judgment and for an award of attorneys' fees and costs, defendant's opposition thereto, and the entire record herein. In its motion for summary judgment, defendant justifies the deletions it made in the documents produced to plaintiffs. As is made plain in plaintiffs' opposition to defendant's motion, plaintiffs do not contest the deletions made from the documents defendant disclosed. Plaintiffs simply seek an award of attorneys' fees and costs on the ground that the bulk of the documents disclosed by defendant were disclosed only after plaintiffs filed this suit.

This Circuit has plainly stated, however, that "an allegedly prevailing complainant must assert something more than *post hoc, ergo propter hoc*" to ground an award of attorneys' fees. *Cox v. Department of Justice*, 601 F.2d 1, 6 (D.C.Cir.1979); *Leichty v. C.I.A.*, 3 G.D.S. ¶ 82,482 (D.D.C.1982). The party seeking fees "must show (1) that prosecution of the action could reasonably be regarded as necessary to obtain the information ... and (2) that a causal nexus exists between that action and the agency's surrender of the information." *Id.* Because of the somewhat odd manner in which this action has proceeded, plaintiffs have never adequately addressed this standard, nor has defendant ever categorically stated that its disclosure of the vast majority of the documents sought by plaintiff was independent of the initiation of this suit.

Accordingly, it is, by the Court, this 31 day of March, 1983,

ORDERED that defendant's motion for summary judgment is granted as to the deletions in the documents it produced pursuant to plaintiffs' request, although jurisdiction is retained with respect to the question of attorneys' fees, and it is

FURTHER ORDERED that, on or before April 8, 1983, plaintiffs shall submit, in writing, any evidence they may have that the prosecution of this action was necessary in order to obtain the information they sought and that the defendant's disclosure of information was causally connected with plaintiffs' filing of this suit, and it is

FURTHER ORDERED that, on or before April 15, 1983, defendant shall certify to the Court whether its disclosure of the vast majority of the documents sought by plaintiff was independent of the initiation of this suit, and may, if it wishes, respond to the above submission requested of plaintiffs.

## MEMORANDUM OPINION

Before the Court is plaintiffs' motion for attorneys' fees, defendant's opposition thereto, several supplemental memoranda, and the entire record herein. Plaintiffs maintain that they are entitled to an award of attorneys' fees under 5 U.S.C. § 552(a)(4)(E), because defendant did not turn over the bulk of the materials requested in their Freedom of Information Act request until they filed this suit. Defendant, on the other hand, maintains that the vast majority of the documents released to plaintiffs were disclosed not as the result of the filing of this suit, but rather as the eventual result of ordinary procedures of administrative processing, and that therefore plaintiffs are *not* eligible for an attorneys' fees award. After careful consideration, the Court holds in favor of plaintiffs, and shall order an award of $4737.05 for their attorneys' fees and costs.

### I.

## PLAINTIFF IS ELIGIBLE FOR AN AWARD OF ATTORNEYS' FEES

Plaintiffs in this case did not contest the numerous deletions made from the documents disclosed to them by defendant. In order to be eligible for an award of fees in such circumstances, plaintiffs must show (1) "that prosecution of the action could reasonably be regarded as necessary to obtain the information" that they did obtain and (2) "that a causal nexus exists between that action and the agency's surrender of the information." *Cox v. United States De-*

*partment of Justice,* 601 F.2d 1, 6 (D.C.Cir. 1979); *Leichty v. C.I.A.,* 3 G.D.S. ¶ 82,482 (D.D.C.1982). In an effort to satisfy these requirements, plaintiffs have pointed to the fact that over a thousand pages of documents were disclosed to them for the first time in response to the Court's *Vaugh v. Rosen* order. Plaintiffs further point out that it was only after the initiation of this suit that they even learned the total number of pages responsive to their FOIA request, despite numerous prior administrative appeals and a wait of almost three years.

Defendant counters that the time lag was due to the size and complexity of plaintiffs' request and the fact that it had to be handled by several different FBI offices. Defendant further explains that, of the 1020 pages released to plaintiffs for the first time in response to the Court's *Vaugh* order, 711 were totally blacked out, 258 provided additional material of an administrative nature, and only 51 contained substantive information. Defendant maintains that release of these documents was totally independent of the initiation of this suit.

■ In the Court's view, however, even if only 51 substantive pages were disclosed by defendant in response to the Court's *Vaugh* order, disclosure was *not* "totally independent" of the prosecution of this suit. Indeed, one of defendant's own affidavits stated that the review of the documents from which these pages were drawn was being done "incidental to the preparation of" one of its *Vaugh* affidavits. First Declaration of Byron L. Price, at 17. Moreover, plaintiffs' most recent affidavit makes clear that the documents released for the first time in response to the *Vaugh* order provided the basis for a significant news article which they published in August of 1982. Affidavit of Michael A. Giudicessi, at 2 and Exhibit 2 thereto.

Accordingly, the Court finds that the prosecution of this action could reasonably be regarded as necessary to obtain the documents first released in response to the Court's *Vaugh* order and that a causal nexus exists between the suit and the defend-

ant's surrender of this information. The Court also finds that, unlike the documents disclosed in *Braintree Electric Light Department v. Department of Energy,* 494 F.Supp. 287, 291 (D.D.C.1980), the documents disclosed were not of "minimal significance," inasmuch as plaintiffs based an important newspaper article on them.

## II.

### PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES

■ Having found that plaintiffs are eligible for an award of attorneys fees under 5 U.S.C. § 552(a)(4)(E), the Court must next inquire whether plaintiffs are *entitled* to an award as having "substantially prevailed." It is clear that a judicial order directing the release of documents is not prerequisite to an entitlement to fees. *See Sweatt v. United States Navy,* 683 F.2d 420 (D.C.Cir.1982). Rather, under the Court of Appeals' decision in *Cuneo v. Rumsfeld,* 553 F.2d 1360 (D.C.Cir.1977), several factors must be considered in resolving this inquiry: (1) the benefit to the public, if any, derived from the suit; (2) the nature of the complainant's interest in the released information; and (3) whether the agency's withholding of the records had a reasonable basis in law.

■ The first two of these factors clearly favor plaintiffs. A "newsman ... seeking information to be used in a publication" clearly provides the type of benefit to the public contemplated by the Act. *See Nixon v. Sampson,* CA No. 74–1518 (D.D.C. June 12, 1980). Moreover, plaintiffs here have in fact already used the information obtained to produce a significant newspaper article. The nature of plaintiffs' interest in the released information is plainly "scholarly, journalistic, or public-interest oriented" rather than "commercial" or self-interested. *See* M. Halperin & A. Adler, *Litigation Under the Federal Freedom of Information Act and Privacy Act* 128 (7th ed. 1982). So, the second factor also favors plaintiffs.

Probably the trickiest factor is the third—whether the defendant's withholding of records had a reasonable basis in law.

Defendant contends that since plaintiffs did not even contest the deletions made in the documents disclosed, its "withholding" was entirely reasonable. However, because plaintiffs did not contest the deletions made in the documents disclosed, the only issue here is whether it was reasonable for defendant not to disclose the documents *with* the deletions in them prior to the initiation of this suit. Despite defendant's large back log and assertions of diligence, the Court finds that a delay of almost three years between plaintiffs' FOIA request and the filing of their suit (and of *over* three years between the request and the date the documents were finally released) is not reasonable. Accordingly, plaintiffs are entitled to an award of attorneys' fees.

## III.

### THE COURT SHALL AWARD PLAINTIFFS $4737.05 IN ATTORNEY'S FEES AND COSTS

■ Having determined that plaintiffs are entitled to attorneys' fees, the Court must next determine the proper amount to be awarded. Plaintiffs are not entitled to fees for matters on which they did not substantially prevail. "Accordingly, it is necessary to isolate prevailing time as an initial matter and then to consider the appropriate rates." *Agee v. CIA*, CA No. 79–2788, slip op. at 1 (D.D.C. Nov. 3, 1982).

Plaintiffs' in-house counsel have submitted a detailed statement of the hours they devoted to this case. With three exceptions, the entries in this statement reflect work on matters for which plaintiffs may collect fees. Three entries, however, reflect time spent in opposing defendant's motion for summary judgment, on which plaintiffs did not prevail. Accordingly, these entries must be reduced to the extent time was devoted to that endeavor. The Court estimates that the necessary reductions amount to 3.6 hours on Oct. 18, 1982, 1.3 hours on Oct. 26, 1982, and 1.1 hours on Oct. 29, 1982, for a total reduction of 6.0 hours. This 6.0 hours constitutes approximately 9% of the 78.4 hours for which plaintiffs' in-house counsel have sought payment.

Plaintiffs' outside counsel have filed a less detailed statement to support the 18.6 hours for which they seek payment, and therefore the Court cannot determine precisely what portion of their time was devoted to matters on which plaintiffs did not prevail. The Court therefore shall apply the same 9% rate of reduction to outside counsel's time as applied to in-house counsel's time. This leaves a total of 72.4 hours for in-house counsel and a total of 17 hours for outside counsel, both of which the Court finds to be a reasonable number of hours.

The Court's next task is to assess a reasonable hourly rate to apply to these hours. Under the Court of Appeals' decisions in *National Association of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319 (D.C. Cir.1982) and *Copeland v. Marshall*, 641 F.2d 880 (D.C.Cir.1980), a reasonable hourly rate is that prevailing in the community for similar work. Under this standard, the request by plaintiffs' in-house counsel for fees at the rate of $35 per hour is clearly reasonable, if not indeed low. The same is true of the request by plaintiffs' outside counsel for fees at the rate of $75 per hour, although not the request for 1.3 hours at the rate of $100 per hour for attorney Robert Marmet. Based on outside counsel's submission, attorney Marmet has no particular expertise in the Freedom of Information Act area, nor was his role in this litigation anything other than secondary. $75 per hour is plainly sufficient for his contribution to this matter. *See Agee, supra.*

Multiplying these rates by the hours reasonably expended by counsel, the Court arrives at a "lodestar" in this case of $2534.00 for in-house counsel and $1275.00 for outside counsel, or a total of $3809.00. The Court sees no particular reason, such as risk, delay, or quality of representation, to adjust the lodestar figure in this case. The Court also sees no reason to adjust the cost bill submitted by plaintiffs in the amount of $928.05. Accordingly, the Court shall enter an award for plaintiffs in the amount of $4737.05.

## CONCLUSION

For all of the foregoing reasons, the Court shall enter an order, of even date herewith, granting plaintiffs' motion for attorneys' fees, and awarding plaintiffs $4737.05 in attorneys' fees and costs.