496 A.2d 325

**Charles R. KLINE**

v.

**David D. FULLER.**

**No. 687, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Sept. 5, 1985.

376

Glen M. Fallin, Ellicott City (Richard W. Fancher, Baltimore, on brief), for appellant.

Jamie B. Baer, Asst. Co. Atty., La Plata, for appellee.

Argued before BISHOP, GARRITY and ADKINS, JJ.

GARRITY, Judge.

We shall focus upon the standard used in determining whether to grant an award of attorney fees to a litigant forced to bring an action under the Maryland Public Information Act in order to gain access to public documents.

## Procedural Background

The matter *sub judice* arises from our holding in *Kline v. Fuller*, 56 Md.App. 294, 467 A.2d 786 (1983). In that case we determined that the Sheriff of Charles County, the appellee herein, was a state official and, therefore, subject to the Public Information Act (Md. Act). We remanded the case to provide the trial court an opportunity to examine a petition (which sought information regarding promotion standards) in light of the procedure set forth in Md.Ann. Code art. 76A, §§ 1 through 5 (Repl.Vol.1980).[1] On remand, the circuit court ordered the disclosure of information which had been sought by Deputy Kline, but denied his request for an award of attorney fees. The sole issue before us is whether the trial court abused its discretion in denying such award.

## Facts

To gain insight into the past trials and tribulations of appellant Kline, an officer in the Sheriff's Department of Charles County, we shall briefly review the facts contained in *Kline v. Fuller*, 56 Md.App. at 302–303, 467 A.2d 786. Although a deputy sheriff since 1973 under the county merit system, Deputy Kline has not been promoted since 1978 when he attained the rank of Patrolman First Class. In June 1982, upon suspecting his performance was being evaluated unfairly, and coupled with the fact that he had remained at that rank longer than any other member of the department, Deputy Kline filed a grievance with the

---

**1.** Article 76A was repealed on October 1, 1984, approximately six months after the judgment in this case. Comparable sections are now included in Md.State Gov't Code Ann. §§ 10–611 *et seq.* (1984).

Charles County Board of Public Safety. When preparing for his appearance before the board, Deputy Kline requested Sheriff David D. Fuller to make available for inspection and copying various records pursuant to the Md. Act. Shortly thereafter, Sheriff Fuller provided access to certain records of the department while withholding others "in the public interest."

The appellant thereupon specifically requested (1) a court order for access to the evaluation methodology used for calculating the numerical scores used by the sheriff in recommending personnel for promotion and (2) certain correspondence between Sheriff Fuller and the local Fraternal Order of Police. The lower court dismissed Deputy Kline's petition on the grounds that he had not exhausted his administrative remedies. In reversing and remanding the case for further proceedings, Judge Wilner, writing on our behalf, commented:

> Throughout this proceeding, the county attorney, on behalf of the sheriff, has laid great stress on the fact that Kline failed to request the records from the Board of Public Safety. She argued to the court below and has argued to us that there are still *administrative* remedies available to Mr. Kline, if only he would take advantage of them. It came as a surprise to us (and to Kline), therefore, when, at oral argument, she indicated that one category of the records sought by Kline does not exist and the other she regards as non-disclosable under both the public general and the public local laws. If that is true—even if it is not true, if that indeed is the sheriff's position—it is obvious that a request to the board would have been entirely meaningless. If the records do not exist, or if they are exempt from disclosure by law, appellant should have been told that in August, 1982, not fourteen months later at oral argument before this Court. *For whatever reason, the sheriff and the county government have simply obfuscated and delayed Kline in his quest for the records; and that is not the way govern-*

*ment officials ought to act.* (Emphasis added.) 56 Md. App. at 305, 467 A.2d 786.

The sole issue for the circuit court's determination at the hearing on remand was the status of the sheriff's written evaluation methodology as a document available for public inspection. At the hearing, Sheriff Fuller argued that disclosure of his evaluation formula "which assigned weight to various components" of performance would allow officers to manipulate their grades for promotion by unduly concentrating their performance on important items worth more points while neglecting areas of conduct worth less. Such performance adjustments, Sheriff Fuller contended, would result in a less responsible department and prove to be a disservice to the community. The trial judge rejected this argument and ordered that the evaluation methodology be made available for inspection.

Deputy Kline then requested, pursuant to art. 76A, § 5(b)(6) (comparable language currently in Md. State Gov't Code Ann. § 10–623(f)), that he be allowed an award of counsel fees. That section provides:

> The court may assess against any defendant governmental entity or entities reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the court determines that the appellant has substantially prevailed.

Deputy Kline argued that he had substantially prevailed in the suit and was therefore entitled to attorney fees under the statute. The court pointed out, however, that the award was discretionary. In denying the request the court found that (1) the additional expense to both parties had been caused by the erroneous ruling of the previous trial judge, and that (2) the production of the records had been for Deputy Kline's convenience.

We shall examine the purpose of the statute, the meaning of "substantially prevailed," and factors to be considered when determining whether to award attorney fees to a litigant who has substantially prevailed.

*Discussion of Law*

As Judge Wilner pointed out in *Kline v. Fuller,* 56 Md.App. at 298, 467 A.2d 786:

As presently constituted, the public general law, in § 1A of art. 76A, sets forth a clear legislative policy. It states, in relevant part:

"[A]ll persons are entitled to information regarding the affairs of government and the official acts of those who represent them as public officials and employees. To this end, the provisions of this act shall be *construed in every instance with the view toward public access,* unless an unwarranted invasion of the privacy of a person in interest would result therefrom, *and the minimization of costs and time delays requesting information."* (Emphasis supplied.)

In order to maintain the viability of the legislative goal to provide citizens access to information about the business of their government, not only must officials and employees be encouraged to comply with the provisions of the Public Information Act, but assurance must be provided to those wronged that officious over-reaching can be effectively challenged. Generally, if a complainant has been successful in proving that a government official has withheld information wrongfully, rather than penalize the citizen for bringing such conduct to the attention of the courts, his or her expenses are absorbed by the public. Indeed, because of the sheer cost of litigation, the award of reasonable attorney fees and costs may oft times serve as the very catalyst which enables close scrutiny of legislative foundations and governmental decisions.

The Court of Appeals has dealt with the issue of attorney fees and costs in the aftermath of Md. Act challenges, but only to recognize their valid award under proper circumstances. In *Attorney Grievance Commission v. The A.S. Abell Co.,* 294 Md. 680, 452 A.2d 656 (1982), fee recovery was denied on the basis that on appeal the publishing

company was held not to be the prevailing party.[2]  In *A.S. Abell Publishing Co. v. Mezzanote,* 297 Md. 26, 464 A.2d 1068 (1983), the court denied attorney fees and costs to the prevailing party because of a statute which provided general immunity from liability to the specific agency being sued (Maryland Guaranty Association).

### A. *Meaning of Substantially Prevailed*

To be eligible for an award of attorney fees and costs a claimant must establish the threshold requirement that as a result of the action he or she has substantially prevailed in gaining the information sought.  A useful device in allowing us to review decisions from other jurisdictions in our quest for guidance as to the meaning of "substantially prevailed" is the doctrine of *in pari materia.*  Under this doctrine, the statute in question may be construed by reference to other statutes dealing with the same subject. *Cranford v. Montgomery County,* 300 Md. 759, 481 A.2d 221 (1984); *Willis v. State,* 302 Md. 363, 488 A.2d 171 (1985).

Section 5(b)(6) of the state Public Information Act closely parallels the federal Freedom of Information Act (FOIA) which provides in 5 U.S.C. 552(a)(4)(E):

> The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

There are several federal cases which have addressed the issue of how a court determines whether a claimant has substantially prevailed under the statute.  *Goldstein v.*

---

**2.**  The Court further affirmed an assessment for attorney fees levied against the Commission under Md.Rule 604 b for having raised a preliminary objection to venue without substantial justification.  Although Deputy Kline in the case *sub judice* alternately requests attorney fees be levied against the appellee pursuant to Md.Rule 1–341 on the grounds of bad faith and lack of substantial justification for having withheld the information, those theories were not presented to the trial court and are, therefore, beyond our scope of review.  Md. Rule 1085.

*Levi,* 415 F.Supp. 303 (D.C.1976); *Vermont Low Income Advocacy Council v. Usery,* 546 F.2d 509 (2d Cir.1976); *Cox v. United States Department of Justice,* 601 F.2d 1 (D.C.Cir.1979); *Westinghouse v. N.L.R.B.,* 497 F.Supp. 82 (W.D.Pa.1980).

In *Goldstein, supra,* the plaintiff was a producer for a public television station who requested from the F.B.I. certain statements which had been taken during the Rosenberg espionage investigation. The request was denied and plaintiff sought administrative review. The denial was affirmed and subsequently the plaintiff requested a reconsideration, which was also denied. Thereafter, the plaintiff filed suit and within weeks the statements were released. The plaintiff then petitioned the court for attorney fees and costs. In granting the award, the court noted that "while it is true that no court action was required to release the documents, it is significant that plaintiff was unsuccessful in obtaining the information for three years, but was successful within a few weeks of filing a court action." *Id.* at 305.

The Council in *Vermont Low Income Advocacy Council, supra,* requested and was denied documents from the Department of Labor that had been prepared in connection with evaluations of apple growers' efforts to recruit domestic labor to pick the annual harvest. The Council administratively appealed the decision to the Solicitor of Labor who acknowledged receipt of the appeal and promised a reply by October 22. As a reply was not received by October 30th, the Council advised the Solicitor of its intent to file suit unless the documents were released by November 5th. The Solicitor's office responded via telegram that the requested documents were in the mail to them from the Department of Labor and asked for the Council's telephone number so they could discuss the matter. The Council failed to respond to the telegram and complications arose when the wrong material was sent to the Solicitor's office. On November 12th, the Council filed suit against the Department

of Labor, and on December 6th, it filed a motion for summary judgment.

The correct records were received in the Solicitor's office on December 11th, and on December 12th the Council's appeal was granted. The Council was advised of the Solicitor's decision on December 16th and received the material on December 30th. The Council withdrew its motion for summary judgment and petitioned the court for attorney fees. In denying the petition the court stated that while a favorable judgment is not a prerequisite for an award of attorney fees, a claimant is not eligible for an award merely because the information sought was released after the suit had been filed. "[P]laintiff must show at a minimum that the prosecution of the action could reasonably have been regarded as necessary and that the action had substantial causative effect on the delivery of the information." *Id.* at 513. The court reasoned that because the Solicitor exhibited a good faith desire to provide the Council with all that the FOIA required, the result would have been the same had the Council not filed suit. The delay was caused only by the regional office's temporary failure to locate the records. Consequently, the lawsuit was not the cause of the delivery of the information.

The claimant in *Cox, supra,* was an inmate at a federal penitentiary who had requested a copy of the U.S. Marshals' Manual under the FOIA. After a year had passed without response, Cox filed suit. Within a few months, the Department of Justice released a major portion of the Manual. Cox then petitioned for attorney fees and asserted that the disclosure had been due to his suit. In remanding the summary denial of Cox's motion, the U.S. Court of Appeals cautioned that the fact information requested under the FOIA had been released after suit was filed, was not sufficient in itself to establish that the plaintiff substantially prevailed. The court held that a party seeking such fees in the absence of a court order must show (1) that prosecution of the action could reasonably be regarded as necessary to obtain the information, and (2) that a causal

nexus exists between that action and the agency's surrender of the information. Furthermore, the court observed that, although a party who substantially prevails becomes "eligible" for a fee award, he is not thereby "entitled" to an award. That determination resides in the discretion of the court, though the decision is, of course, a valid object of appellate consideration under the abuse of discretion standard.

In *Westinghouse, supra,* the claimant had requested the National Labor Relations Board (NLRB) to release several documents in a closed file pertaining to a suit filed by a former employee. The NLRB released some of the documents, but retained others, one of which was the affidavit of a current employee, Walter Cummings. Westinghouse appealed and argued that in a previous NLRB case the Board had been required to disclose affidavits obtained from people currently employed by the party seeking disclosure when such affidavits were part of a closed file. Nevertheless, the NLRB continued to refuse access to Cummings's affidavit and seven other documents. As a result, Westinghouse instituted a law suit under the FOIA. Immediately prior to oral argument on cross motions for summary judgment, the NLRB surrendered two documents, among which was the Cummings affidavit.

It was in this setting that Westinghouse contended it had substantially prevailed with respect to the litigation because the Cummings affidavit was the document "principally sought." As a result, Westinghouse further contended that it was entitled to attorney fees. The U.S. Court of Appeals agreed that the affidavit was indeed the information principally sought by Westinghouse. The court held that securing key documents under the FOIA rather than "requiring a plaintiff to obtain all or most of the documents sought" was the standard to demonstrate whether a claimant substantially prevailed. The court quickly added, however, that although Westinghouse substantially prevailed under the FOIA, that fact "does not dictate that Westinghouse be

awarded attorney's fees, but rather suffices only to meet the threshold for an award of attorney's fees."

■■■■  Based on our analysis of the Md. Act and case law pertaining to the federal FOIA, we believe that certain principles have been established in determining whether the threshold of substantial prevailance has been met. Although an actual judgment in claimant's favor is not required, it must be demonstrated that prosecution of the lawsuit could reasonably be regarded as having been necessary in order to gain release of the information and that there was a causal nexus between the prosecution of the suit and the agency's surrender of the requested information. Furthermore, it is not necessary for a litigant to recover all the documents at issue, but rather key documents. Once the court determines that the complainant has substantially prevailed, that litigant becomes "eligible" but not "entitled" to an award of reasonable attorney fees and costs.

## B.  *Award of Attorney Fees*

It is interesting to note that when the policy of awarding counsel fees under the federal FOIA was being considered by Congress in 1974, the Senate Report (S.Rep. No. 93–854), explained:

The bill allows for judicial discretion to determine the reasonableness of the fees requested. Generally, if a complainant has been successful in proving that a government official has wrongfully withheld information, he has acted as a private attorney general in vindicating an important public policy. In such case it would seem tantamount to a penalty to require the wronged citizen to pay his attorneys' fee to make the government comply with the law. However, the bill specifies four criteria to be considered by the court in exercising its discretion: (1) "The benefit to the public, if any deriving from the case"; (2) "the commercial benefit to the complainant"; (3) "the nature of" the complainant's "interest in the records

sought"; and (4) "whether the government's withholding of the records sought had a reasonable basis in law."

The Conference Committee proposed a simpler version which was adopted. That version left the ultimate determination of attorney fees to the court's discretion but eliminated the recital of specific factors. As observed by the court in *Vermont Low Income Advocacy Council*, 546 F.2d at 513, "The detailed list of criteria governing a court's discretion which the Senate bill had contained was eliminated not because the conferees disagreed with it but because they regarded it as 'too delimiting' and 'unnecessary.' "

A number of factors have been identified as worthy of consideration, however, by the trial court in exercising its discretion as to whether to award attorney fees. (*See Cuneo v. Rumsfeld*, 180 U.S.App.D.C. 184, 189–192, 553 F.2d 1360, 1365 (1977)). These considerations, which are not intended to be exhaustive, include:

(1) the benefit to the public, if any, derived from the suit;

(2) the nature of the complainant's interest in the released information; and

(3) whether the agency's withholding of the information had a reasonable basis in law.[3]

We believe it most instructive to examine the court's application of these factors in *Westinghouse v. N.L.R.B.*, 497 F.Supp. at 85, wherein the plaintiff had substantially prevailed by gaining access to the affidavit of a current employee. The court observed:

In the instant litigation, the benefit to the public is marginal at best; the interest is a private one. Westinghouse seeks the document for its potential use in other litigation. In *Nix v. United States* [572 F.2d 998 (4th Cir.1978) ], *supra,* and *Blue v. Bureau of Prisons,* 570 F.2d 529 (5th Cir.1978), the courts have rejected claims for attorney's fees when the purpose of the FOIA litigation was the augmentation of civil discovery.

---

3. *Cox v. United States Dept. of Justice,* supra, 601 F.2d at 7.

The final factor to be considered also dictates against the award of attorney's fees. Westinghouse is neither an average nor indigent plaintiff; rather it is an enormous concern doing business on an international scale. Thus, it seems unlikely that the NLRB withheld the documents with an eye toward the creation of financial barrier for Westinghouse. While in some cases it might be possible that a government agency would withhold documents in which the person requesting those documents had a limited financial interest, so that despite the wealth or economic resources of the person making the request the economic incentive to pursue it would be lacking, that case has not been presented to this Court today.

With respect to the reasonableness of the withholding by the NLRB, this Court is aware of four cases within *this* District which hold that affidavits of persons currently employed by the party seeking disclosure must be disclosed. (Citations omitted.)

Having considered the above cited four cases and the refusal of the NLRB to disclose the documents until after the institution of litigation and without characterizing such refusal, of itself, as reasonableness or unreasonableness, it is sufficient to hold that the refusal to disclose was not so unreasonable to warrant overriding the previously discussed considerations, all of which weigh against the award of attorney's fees.

For the reasons set forth above, the petition for attorney's fees by Westinghouse will be denied.

### Application of Law

The record before us fails to disclose a specific finding by the trial judge that Deputy Kline substantially prevailed. We have no difficulty, however, in holding that such finding was implicit in the court's ruling prior to its denial of an award of attorney fees.

■ As disclosed in *Kline v. Fuller, supra,* prosecution by the claimant under the Md. Act became reasonably

necessary upon Sheriff Fuller's refusal to release certain documents used in the evaluation of merit system employees under his command. The crucial document to Deputy Kline in proving his claim that he had been treated unfairly was a "scoring key" which was designed to convert job performance evaluation factors to numerical grades. Upon observing "[w]hat could be more fair than for them (employees) to know what the rating system is" the trial judge ordered its disclosure.[4] Consequently, a causal nexus existed between the action and the surrender of the information which had been sought. It is clear that Deputy Kline substantially prevailed and was indeed eligible for an award of attorney fees.

■ A decision on whether to award counsel fees to an eligible party resides in the discretion of the trial judge. Therefore, Deputy Kline must establish that the trial court abused its discretion in denying the award. *Vimco Concrete Accessories v. Maggitti,* 44 Md.App. 176, 407 A.2d 1187 (1979). In advancing his contention of an abuse, Deputy Kline refers to the reasons upon which the lower court based its denial. As previously related, the trial court found that (1) the erroneous ruling of the previous judge had caused the appeal which led to additional expenses, and (2) that the proceeding had been brought by Deputy Kline for his own convenience.

In addressing the court's reasoning, Deputy Kline asserts (as suggested by Judge Wilner in our previous contact with this matter) that absent the "misleading argument" by the Assistant County Attorney for Charles County, the trial court "might not have ruled" that Deputy Kline had failed to exhaust his administrative remedies. Thus, there would not have been any need to appeal from the dismissal of the petition. Deputy Kline further contends that the securing

---

**4.** Although the matter *sub judice* is concerned with the conversion of performance evaluation factors to numerical grades, we note that a custodian is authorized to deny inspection of "examination" scoring keys. State Govt., §§ 10–618(c)(1).

of the grading methodology also served to aid all merit system employees of the Sheriff's Department of Charles County as its disclosure now allows the enforcement of equal and fair treatment in the evaluation process. Deputy Kline further contends that the litigation resulted in benefiting the public by clarifying the statute and applicable procedure under the Md. Act regarding the office of sheriff.

Our concern rests with the absence of an indication in the record that the trial judge considered the question of attorney fees in light of the principles and standards that we believe are applicable to an action brought under the Md. Act. In order to provide the trial judge with an opportunity to consider and weigh the various factors considered by the federal courts, and which we hold applicable to the Maryland Public Information Act, we shall remand under Maryland Rule 1071.

JUDGMENT NEITHER AFFIRMED NOR REVERSED.

CASE REMANDED TO THE CIRCUIT COURT FOR CHARLES COUNTY FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION.

COSTS IN THIS COURT TO BE PAID BY CHARLES COUNTY, MARYLAND.

COSTS IN THE CIRCUIT COURT FOR CHARLES COUNTY TO ABIDE THE RESULT ON REMAND.