Munson Earth Moving Corp. v. City of S. Burlington, No. S0805-08 CnC (Toor, J., Oct. 18, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

MUNSON EARTH MOVING CORP.
  Plaintiff

  v.

CITY OF SOUTH BURLINGTON
  Defendant

Docket No. S0805-08  CnC

RULING ON PETITION FOR FEES

This is a public records act case in which judgment was previously entered. Various rulings of the court awarded Plaintiff Munson portions of the requested documents. Munson now requests attorney's fees.

Under the Public Records Act, "[t]he court may assess against the public agency reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 1 V.S.A. § 319(d). In other types of cases, "substantially prevailed" is determined by looking to which side "achieved a comparative victory on the issues actually litigated or the greater award proportionally to what was actually sought." Burton v. Jeremiah Beach Parker Restoration and Const. Management, 2010 VT 55, ¶ 8 (internal quotations omitted). As it is used in the Public Records Act, however, for reasons that are not clear, the Vermont Supreme Court has held that it has a different meaning.

The Court has held that analyzing the question in these cases is a two-step process, requiring proof of both "eligibility" and "entitlement." The former requires proof that (1) "legal action could reasonably be regarded as necessary to obtain the requested

documents," and (2) "the litigation had a substantial causative effect on the release of the documents." Burlington Free Press v. University of Vermont, 172 Vt. 303, 305 (2001). The second step is less defined. The Court has stated that it is a discretionary analysis that may include, but is not limited to, consideration of factors used in the federal courts with regard to the analogous federal statute, the Freedom of Information Act (FOIA). 5 U.S.C. § 552(a)(4)(E). Those factors are "(1) the public benefit derived by the lawsuit; (2) the commercial benefit the requesting party will receive from release of the requested documents; (3) the nature of the requesting party's interest in the documents; and (4) whether the public agency had a reasonable basis for withholding the documents." Burlington Free Press, 172 Vt. at 306.

### 1. Reasonable Necessity

In this case, Munson argues that it made record requests in January of 2008, was given access to the City's paper files in February, but was repeatedly unsuccessful in obtaining electronic records. Having received none by June, Munson filed this lawsuit. The City responds that it produced about 10,000 pages of its own paper records within two weeks of the initial January request, including copies of many electronic records that had been placed in the files. The City asserts that collecting the email records was time-consuming because of the many sources for them and the many parties copied on various documents. Thus, counsel for the City asserts, he spent a great deal of time working on the request in the months before the lawsuit was filed. Nonetheless, the record shows no written communication from the City to Munson assuring Munson that the request was diligently being worked on. It appears that the last discussion between counsel occurred in April. The delay of five months from the time of the request certainly was enough to

lead Munson to feel that litigation was necessary. Thus, the court finds that Munson has satisfied one of the requirements for obtaining fees.

## 2. Causative Effect

The next question is whether the litigation "had a substantial causative effect on the release of the documents." Burlington Free Press, 172 Vt. at 305. Although Munson argues that document production on short order after the filing of a lawsuit can be an indication that there is some causal relationship between the two, that alone is not sufficient to prove the point. *See, e.g.*, Ellis v. U.S., 941 F. Supp. 1068, 1076 (D. Utah 1996)("the mere filing of a lawsuit and the subsequent release of records does not establish that the plaintiff has substantially prevailed"); Maynard v. CIA, 986 F.2d 547, 568 (1st Cir. 1993)(" there is no showing that the suit was the cause of the delivery of this document"); Vermont Low Income Advocacy Council, Inc. v. Usery, 546 F.2d 509, 513 (2d Cir. 1976)(Congress did not intend under FOIA that "a plaintiff was entitled to an award of such fees whenever a suit was brought and the requested information (or the bulk of it) was thereafter furnished"), *abrogated on other grounds*, Union of Needletrades, Indus. and Textile Employees AFL-CIO, CLC v. U.S. I.N.S., 336 F.3d 200, 203 (2nd Cir. 2003).

Counsel for the City asserts in his affidavit that he told Munson in April, before the case was filed, that "a suit by [Munson] would neither advance nor retard the City's efforts." Affidavit of Robert Fletcher, ¶ 3 (filed Feb. 16, 2010). That may be what he said, but that is not determinative. The question is whether the documents would likely have been released or withheld without the lawsuit.

The City avers that it was working on the request before the lawsuit was filed, and had not denied the request. Munson does not dispute this. Moreover, the City points out that it had already released thousands of pages of paper records, so there was no reason for Munson to assume that the request for electronic records would result in a denial. While it took the City a long time to produce the electronic records, that does not mean the records would not have been produced but for the suit. As another court has said, the point is not whether the lawsuit *expedited* the disclosure, but whether it made a difference in whether the records were produced at all. Loglia v. IRS, 1997 WL 214869, * 4 (S.D.N.Y. 1997). *See also* Ellis, 941 F. Supp. at 1076 ("a plaintiff may not be eligible for a fee award where the release of documents was due to a routine, but delayed, administrative processing"). With regard to the vast majority of records that were ultimately turned over by the City without a court order, Munson has not made such a showing. It is only with respect to the records that the City withheld, and ultimately was ordered to turn over, that the lawsuit can be said to have caused the disclosures. Thus, any fee award should be limited to the dispute over those records ultimately released in response to  court order.

### 3. Entitlement: The FOIA Factors

With regard to the documents that did require a court order, the court will review the FOIA factors mentioned above. First, the court sees no "public benefit derived by the lawsuit," as this is principally a private party's dispute with the City over its fees. Although Munson argues that there is public benefit merely to "vindicating" the Public Records Act, that would mean that there is a public benefit in every case. That, in turn, would make the requirement to establish a public benefit meaningless.  Nor is the court

4

persuaded that the disclosure of the records has uncovered "serious mismanagement by City personnel of an important public works project." Fee Petition at 12. At this point, the court has no way of drawing any such conclusion.

The second FOIA factor has to do with commercial benefit. Presumably the entire point of the request was to get Munson a "commercial benefit," that is, proof that it should recover in its other lawsuit over fees. It was not for some greater public interest that Munson initiated this litigation. By the same token, the "nature of the requesting party's interest in the documents" was for its own private benefit, not any public benefit.

The fourth FOIA factor is whether the agency had "a reasonable basis for withholding the documents." The court found a number of the claims of privilege to be entirely unjustified in this case, and thus concludes that as to the withheld documents that were later ordered disclosed, the City did not have a reasonable basis for withholding the documents.

Thus, of the four FOIA factors, three cut against Munson and one weighs in its favor. On balance, the court concludes that a fee award is not justified here.

Order

The fee petition is denied. However, the court does award Munson its costs in the amount of $291.56.

Dated at Burlington, Vermont this 14th day of October, 2010.

                                   _____
                                   Helen M. Toor
                                   Superior Court Judge