*Prison Legal News v. Corrections Corporation of America*, No. 332-5-13 Wncv (Teachout, J., September 1, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 332-5-13 Wncv** |

**Prison Legal News**
    **Plaintiff**


    **v.**


**Corrections Corporation of America**
    **Defendant**

### DECISION
### Plaintiff's Motion for Reimbursement of Fees and Costs

This is an unusual public records case. As far as the court can tell, it is the first time in Vermont that a private corporation, Corrections Corporation of America (CCA), has been found by any court to be the functional equivalent of a governmental agency for public records purposes and thus subject to the Public Records Act. See Decision (filed Jan. 10, 2014), available at 2014 WL 2565746. Once it was determined by the court that CCA is subject to the Act, CCA fully cooperated with the request and withheld a small handful of documents only. The withheld documents were ones that were subject to confidentiality agreements with third parties who declined to waive their rights, so CCA considered itself bound by the agreements until this court reviewed them in camera, made appropriate redactions, and released them. CCA cooperated with PLN's request once it was determined to be subject to the Act. Now, PLN requests its legal fees pursuant 1 V.S.A. § 319(d)(1).

That subsection provides: "Except as provided in subdivision (2) of this subsection, the court shall assess against the public agency reasonable attorney's fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." Subdivision (2) does not apply.

CCA argues that it should not be liable for fees and costs because (1) PLN has not substantially prevailed in this case; (2) the order finding CCA subject to the Act should be applied prospectively only and the claim for fees rejected altogether; and (3) the amount of fees claimed should be reduced significantly in the interest of reasonableness.

The current attorney fee provision, providing that the court "shall" award fees, replaced the prior version, which provided that the court "may" do so. In a 2001 decision construing the "may" version, the Vermont Supreme Court applied, but expressly did not adopt, the attorney fee analysis that had unfolded in FOIA case law up to that point. *Burlington Free Press v. University of Vermont*, 172 Vt. 303 (2001). Both statutes plainly gave the court discretion to award fees to a substantially prevailing complainant. Compare 1 V.S.A. § 319(d) (2001) ("The court may assess against the public agency reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially

prevailed.") with 5 U.S.C. § 552(a)(4)(E) (2001) ("The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.").

In the FOIA cases at the time, the analysis reduced to one of eligibility and entitlement. Eligibility focuses principally on the causative role that the litigation played in the release of documents. Entitlement focuses on discretionary considerations such as "(1) the public benefit derived by the lawsuit; (2) the commercial benefit the requesting party will receive from release of the requested documents; (3) the nature of the requesting party's interest in the documents; and (4) whether the public agency had a reasonable basis for withholding the documents." *Burlington Free Press*, 172 Vt. at 306. If causation (a factual matter) is shown, the analysis turns to and relies heavily on the exercise of the court's discretion, the entitlement inquiry. Rather than adopt the federal analysis, the Court ruled that Vermont courts may consult the FOIA entitlement factors "along with any other relevant factors" subject to abuse of discretion review.[1] *Id*.

It is unclear to what extent the legislature's substitution of "shall" for "may" in the Vermont provision alters the *Burlington Free Press* ruling. While "shall" can mean that the action is mandatory, it can have other meanings as well. See Bryan A. Garner, The Redbook § 25.3 (3d ed. 2013) (commenting about the word "shall" that "[s]ometimes its sense is indeed mandatory . . .; sometimes it means 'may,' . . .; sometimes it means 'is entitled to' . . .; sometimes it is merely a future-tense verb . . .; *and courts have often held that it means 'should.'*" (emphasis added)). While one might infer that the legislature's insertion of "shall" into this statute was intended to limit the discretion inherent in the word "may," this leaves the discretion available in the expressions "reasonably" and "substantially prevailing."

The American Rule is a strong tradition in Vermont. The common law exceptions are equitable in nature. Where fees are available by statute, such as in this case, typically there is an obvious and equitable reason for it. Regardless whether the award is discretionary or mandatory, the court's evaluation of the reasonableness of the amount requested allows for equitable deviations from a basic lodestar calculation. The court declines to rule on the status of the *Burlington Free Press* decision in light of the amendment to the attorney fee provision in the Public Records Act. It is clear that the legislature's use of "shall" in 1 V.S.A. § 319(d)(1) is intended to make that portion of the provision mandatory. It is as clear that the provision as a whole has a foundation in equity and does not remove all discretion over fee award.

---

[1] Before the legislature amended the Vermont fee provision, the FOIA provision itself had been amended. OPEN Government Act of 2007, Pub. L. No. 110-175, § 4, 121 Stat. 2524. Under FOIA, "substantially prevailed" had come to mean that the complainant had obtained relief by a judicial order or the agency's voluntary change in position. 5 U.S.C. § 552(a)(4)(E)(ii)(I), (II). The amendment appears to minimize the "substantially" component of substantially prevailing considerably, at least creating the appearance that a complainant has substantially prevailed anytime an order grants any relief at all. FOIA case law has not focused on "substantially". The Vermont legislature did not follow the federal lead. It replaced the "may" with a "shall" and continues to not more fully articulate what "substantially" means.

The highly unusual aspect of this case is that there has been virtually no dispute over whether any particular document is subject to this or that exemption. Records were not withheld because the agency thought the records were exempt or because it knew that they were not exempt but resisted releasing them anyway. The dispute in this case happened, and virtually all of the legal fees arose, because CCA did not know that it was functionally a government agency and how to coordinate its private and public aspects. The attorney fee provision is intended to encourage agencies to respond to records requests promptly and properly and to eliminate any inducement to wrongly withhold publicly accessible information from those who are unable to afford an attorney. It presumes that they know who they are. That was not so in this case.

An award of the total amount of fees claimed here would not fully advance the purposes of the fee provision and would be unreasonable and inequitable. The circumstances of this case are novel and it is understandable that CCA might not have predicted that the court would find it subject to the Act. The refusal to award fees at all also would be unreasonable and inequitable, as Plaintiff was obliged to file suit to obtain documents it was entitled to receive. While the fee provision may not have anticipated a case like this, it plainly anticipates an award of fees when the requestor substantially prevails. Although the principal dispute in this case has been about CCA's status rather than the content of the requested documents, there is no reasonable way to conclude that PLN has not substantially prevailed. PLN is entitled to its fees with an equitable adjustment that avoids the harsh impact a total award would have in the highly unusual circumstances of this case.

The court has reviewed the billing records and is persuaded that the work performed, the hours billed, and the rates charged are reasonable. Given the considerations reviewed above, it is not possible to quantify or calculate mathematically an exact number that represents a reasonable amount of fees; rather the court is in the position of estimating a fair and reasonable portion of total fees to be recovered based on consideration of all the circumstances. Therefore, the court concludes that PLN is entitled to recover 40% of the total amount claimed.

## ORDER

For the foregoing reasons, PLN's motion for fees and costs is granted. Counsel for PLN shall submit a form of judgment.

Dated at Montpelier, Vermont this 1st day of September 2015.

_____
Mary Miles Teachout
Superior Judge

3