BARBARA GIMROTH, Plaintiff-Appellant, *v.* BOBBY RAY, SR., d/b/a Samaritan Church Furnishings & Equipment, Defendant-Appellee.

Third District    No. 80-600

———

Opinion filed July 28, 1981.

Jeffrey Rock, of Harvey & Stuckel, of Peoria, for appellant.

Thomas M. Henry and Wilbur D. Dersch, both of Peoria, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

On June 18, 1979, plaintiff Barbara Gimroth filed a complaint in the circuit court of Peoria County to recover a commission in the sum of $4,000 allegedly due her from defendant Bobby Ray, Sr., d/b/a Samaritan Church Furnishings & Equipment, for her services in procuring a church construction contract for him. After several motions were filed and disposed of on February 27, 1980, defendant filed a motion to dismiss on the ground that plaintiff had previously filed a voluntary petition for bankruptcy and had been discharged in bankruptcy on June 5, 1979, a short time prior to the filing of her complaint in this cause. Defendant also asserted that any cause of action she might have against him was vested in the trustee in bankruptcy and could not, therefore, be the basis for plaintiff's present suit. Attached to defendant's motion to dismiss was a copy of a letter dated January 30, 1980, from plaintiff's counsel to the trustee in bankruptcy tendering to him the cause of action in the instant proceeding. The letter explained that plaintiff had not scheduled this cause of action in the bankruptcy proceeding because she thought the commissions were in effect wages and not required to be listed. The letter requested the trustee either to instruct counsel to proceed on behalf of the trustee or to furnish an order of abandonment of the cause of action. After a hearing on defendant's motion to dismiss, the trial court ruled that the complaint must be dismissed because there was nothing to indicate that the trustee had in fact abandoned plaintiff's claim.

The order dismissing the complaint was entered on July 2, 1980, and

on August 4, 1980, more than 30 days later, plaintiff filed a motion to vacate the dismissal. She attached to the motion an affidavit from the trustee in bankruptcy which stated that the trustee had released all interest in plaintiff's cause of action. Defendant responded to the motion to vacate with a motion to strike, asserting that plaintiff's motion did not comply with section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72), which applies when relief is sought more than 30 days after the dismissal order was entered. The trial court held that a section 72 motion cannot be allowed to vacate a dismissal where the facts which were alleged as ground for the vacation did not exist when the dismissal order was entered. Plaintiff has appealed from the denial of her motion to vacate. We affirm.

■■■ The determinative issue in the case is whether plaintiff's motion to vacate complied with the requirements of section 72 which provides for relief from final orders after 30 days from entry thereof. Petitions filed under that section have been held to invoke the equitable powers of the court. The Supreme Court of Illinois has stated quite clearly that "the remedy contemplated by section 72 is available for relief based on matters which antedate the rendition of the judgment and not those which arise subsequent to its rendition." (*Russell v. Klein* (1974), 58 Ill. 2d 220, 225, 317 N.E.2d 556, 559.) Here the only ground asserted by plaintiff for relief is that *after* the dismissal order was entered, the trustee in bankruptcy abandoned her claim against defendant. Such a ground is clearly beyond the reach of section 72, and the trial court did not err in denying plaintiff's motion to vacate.

Although not necessary to our decision, we also note that the trial court acted reasonably in the exercise of its discretion in refusing to permit plaintiff to pursue a cause of action against defendant based on a claim which she did not list for benefit of her creditors in the bankruptcy proceeding. The fact that plaintiff acquired new counsel after her discharge in bankruptcy, and the new counsel promptly advised the trustee of the existence of the claim are not matters which permit a finding that plaintiff was diligent. We must agree with defendant that the equitable powers of the court should not be used to allow plaintiff to receive the benefit of the discharge in bankruptcy and then to pursue a pre-existing claim which she failed to reveal to her creditors. Thus the dismissal was proper, and the denial of the motion to vacate was also correct. The judgment of the trial court is affirmed.

Affirmed.

SCOTT, P. J., and HEIPLE, J., concur.