FIFTH DIVISION

FILED: 12/31/97

No. 1-97-0698 &

1-97-1729 (Consolidated)

PEOPLE ex rel. WILLIAM J. ULRICH, SR., ) APPEAL FROM THE

) CIRCUIT COURT OF

Plaintiff-Appellant, ) COOK COUNTY

)

v. )

)

JAMES J. STUKEL, as president of the )

UNIVERSITY OF ILLINOIS; and THE BOARD )

OF TRUSTEES OF THE UNIVERSITY OF )

ILLINOIS, ) HONORABLE

) LESTER D. FOREMAN,

Defendants-Appellees. ) JUDGE PRESIDING.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff filed the instant action seeking injunctive and/or declaratory relief under the Freedom of Information Act (hereinafter "FOIA" or "the Act")(5 ILCS 140/1 
et
 
seq.
 (West 1994)), alleging that he was entitled to certain records held by the defendants, the board of trustees of the University of Illinois, and James Stukel, the University president.  The defendants initially declined to produce the requested documents claiming certain exemptions under the Act; however, prior to trial, they waived the exemptions previously claimed and produced the documents sought by the plaintiff.  The trial court then entered an order dismissing the case as moot, and denying a request for attorney fees filed by the plaintiff under section 11(i) of the Act (5 ILCS 140/11(i) (West 1994)).  The plaintiff appealed under our docket No. 1-97-0698.

Thereafter, the plaintiff filed a petition under section 2-1401 of the Code of Civil Procedure (Code)(735 ILCS 5/2-1401 (West 1994)), alleging the existence of new facts warranting relief from the initial judgment.  The court denied the relief requested by the plaintiff and the plaintiff again appealed, under docket No. 1-97-1729.  We consolidated the two appeals.  The plaintiff now contends that the court erred in (1) refusing to consider his FOIA claim under the "public interest" exception to the mootness doctrine; (2) denying him relief under Code section 2-1401; and (3) denying his request for attorney fees under section 11(i) of the Act.  

The plaintiff's FOIA request arose from an underlying suit he filed as a taxpayer against the University of Illinois (hereinafter "University") and Bruce Bosmann, an associate dean of its College of Medicine.  People ex rel. William J. Ulrich Sr. v. Bruce Bosmann, No. 94 CH 5855 (Cir. Ct. Cook Co.).  The Bosmann case was initially dismissed, but this court reversed the dismissal and remanded the case for further proceedings (
People ex rel. William J. Ulrich, Sr. v. Bosmann
, 279 Ill. App. 3d 36, 664 N.E.2d 119 (1996)).  The Bosmann case alleged that two former professors at the University's medical school, with the approval of Bosmann and other University officials, illegally removed medical research equipment belonging to the State when they transferred to the University of Texas.  According to the plaintiff, the conduct of the professors and University officials was violative of the Recovery of Fraudulently Obtained Public Funds Act (735 ILCS 5/20-101 
et
 
seq
. (West 1992)).     

While the Bosmann suit remained pending, the plaintiff submitted the FOIA request at issue, seeking the following:

"[A]ll University monthly accounting statements *** reflecting charges incurred in connection with:

a. the disbursement vouchers reflecting payments to the law firm of Keck, Mahin & Cate in connection with the suit generally known as [the Bosmann suit], and any appeals thereof;

b. the disbursement vouchers reflecting payments to the law firm of Burditt & Radzius, Chartered in connection with [the Bosmann suit], and any appeals thereof; and

c. the disbursement vouchers reflecting payments to the law firm of Siegan Barbakoff Gomberg & Kane, Ltd., in connection with [the Bosmann suit], and any appeals thereof."

According to the plaintiff, he allegedly needed the records to ascertain whether the University was illicitly using its own funds to pay for the defenses of the University defendants in the Bosmann suit.  The plaintiff claimed that such funding by the University, in relevant part, circumvented the role of the attorney general under the State Employee Indemnification Act (5 ILCS 350/0.01 
et
 
seq
. (West 1994)), and violated the University of Illinois Act (110 ILCS 305/7a (West 1994)).

The University's public records officer declined the plaintiff's request under section 7(1)(n) of the Act (5 ILCS 140/7(1)(n) (West 1994)).  Section 7(1)(n) exempts from disclosure all "[c]ommunications between a public body and an attorney or auditor representing the public body that would not be subject to discovery in litigation***."  According to the officer, documents containing information regarding payments to counsel on active cases constituted confidential communications under section 7(1)(n).  The plaintiff appealed this decision to University president Stukel, who similarly found the records exempt under section 7(1)(n), and in addition, under section 7(1)(a) of the Act.

On September 23, 1996, the plaintiff filed the instant FOIA suit seeking declaratory and/or injunctive relief based upon the defendants' denial of the requested records.  The plaintiff subsequently filed a motion for an 
in
 
camera
 inspection of the records.  On December 2, 1996, the court ordered that the defendants produce the documents for an 
in
 
camera
 inspection, and set a January 6, 1997, hearing date on the complaint.

On December 23, 1996, the defendants notified the court and the plaintiff that they were waiving the exemptions previously asserted under the Act and were producing the documents sought by the plaintiff.  The plaintiff then filed an application for reimbursement of its attorney fees pursuant to FOIA section 11(i).  5 ILCS 140/11(i) (West 1994).

The defendants moved to dismiss the case as moot in light of their voluntary production of the records sought in the complaint.  In response, the plaintiff contended that the case was not moot because his demand for attorney fees remained unresolved.  The plaintiff also argued that in any event, the court should consider the case under the "public interest exception" to the mootness doctrine, because his future entitlement to the requested documents or others similar to them were matters of public concern that were likely to recur.

On January 6, 1997, following a hearing, the court entered an order denying the plaintiff's application for attorney fees, and dismissing the case as moot.  The court found that the case did not fall under the public interest exception to the mootness doctrine because, in relevant part, the plaintiff had failed to show that the issue was one that was likely to recur.  The plaintiff's motion to reconsider was subsequently denied, and he filed a notice of appeal.

On March 11, 1997, the plaintiff filed a section 2-1401 petition to vacate the order of January 6, 1997.  He alleged the existence of new facts, namely, the defendants' denial of a FOIA request made subsequent to January 6, which supposedly demonstrated that this case should have been considered under the public interest exception to the mootness doctrine.  The trial court disagreed, and denied the requested relief under section 2-1401, finding that the new facts did not alter its determination in the January 6 judgment.  The plaintiff appealed from this decision.

The plaintiff first argues that the court erred in dismissing his initial suit as moot.  He admits the defendants produced the requested documents, which were accounting statements reflecting the fees the University paid its attorneys in the Bosmann case.  He also agrees that, because the requested statements have been released, the question of whether or not they must be produced under FOIA is now moot.  However, he urges that this matter should have been considered under the public interest exception to the mootness doctrine.

An issue is moot where an actual controversy no longer exists between the parties or where events have occurred that make it impossible for the court to grant effectual relief.  
Wheatley v. Board of Education of Township High School District 205
, 99 Ill. 2d 481, 484-85, 459 N.E.2d 1364 (1984); 
Indlecoffer v. Village of Wadsworth
, 282 Ill. App. 3d 933, 938-39, 671 N.E.2d 1127 (1996).  Courts have a responsibility to decide actual controversies by rendering judgments which can be carried into effect; a court should not resolve a question simply to set precedent, or to provide governance for future actions.  
People ex rel. Partee v. Murphy
, 133 Ill. 2d 402, 410, 550 N.E.2d 998 (1990); see also 
People ex rel. Sklodowski v. State
, 162 Ill. 2d 117, 130-31, 642 N.E.2d 1180 (1994).

An exception to the mootness doctrine may be applied where the question at issue is one of "substantial public interest".  In determining whether this exception applies, courts consider whether (1) the question is of a public nature; (2) an authoritative resolution of the question is desirable for the purpose of guiding public officers, and (3) the question is likely to recur.  
Lucas v. Lakin
, 175 Ill. 2d 166, 170, 676 N.E.2d 637 (1997); 
Bonaguro v. County Officers Electoral Board
, 158 Ill. 2d 391, 395, 634 N.E.2d 712 (1994).  A clear showing on each of the above criteria is necessary to bring the case within the public interest exception.  
Bonaguro
, 158 Ill. 2d at 395.  Our supreme court invokes the exception only on rare occasions where there is an extraordinary degree of public concern and interest (
Murphy
, 133 Ill. 2d at 410; 
People ex rel. Cairo Turf Club, Inc., v. Taylor
, 2 Ill. 2d 160, 116 N.E.2d 880 (1954)).  In determining whether or not a trial court properly considered the public interest exception, this court has applied an abuse of discretion standard.  See 
Sharma v. Zollar
, 265 Ill. App. 3d 1022, 1028-29, 638 N.E.2d 736 (1994).

According to the plaintiff, this issue falls under the public interest exception because (1) the public has a right to learn how the University spends public funds, particularly where such funds are likely being used to defeat a taxpayer action in a manner violative of State law; and (2) University officials need guidance on this issue, because the Bosmann case is ongoing, and the University "continues to insist that it is entitled to withhold information as to its indemnification of the defendants in that case."

We do not dispute that the public has a great interest in ascertaining how the government spends public funds.  However, we are unconvinced that the question at bar, which is whether the requested statements were subject to production under FOIA, or whether they were exempt as attorney-client communications, presents the exceptional circumstances warranting invocation of the public interest exception.    

In support of his argument that the issue is likely to recur, the plaintiff states only that the Bosmann case is ongoing and that he "may" request "similar" documents in the future.  However, requests for attorney billing information come in many different forms, as do billing records themselves.  Depending upon what is encompassed in a subsequent request for such information, there may be a valid claim that the records contain confidential attorney-client communications or that they otherwise are exempt from disclosure under the Act.  A ruling on the particular issue here would have no bearing upon such a situation.

Further, even if the plaintiff did frame his subsequent FOIA request in a manner identical to the request at issue, there is no evidence that the defendants would deny production based upon the same exemptions they intially invoked in this case.  The plaintiff maintains that the defendants are continuing to refuse production of additional billing information which the plaintiff has requested.  However, the conduct upon which the plaintiff relies on this point occurred after the January 6, 1997, judgment, in response to a different request for billing records.

The plaintiff is merely seeking an advisory decision based upon a hypothetical dispute (see 
Murphy
, 133 Ill. 2d at 410).  Rather than speculate as to the content of future FOIA requests or how the defendants would respond to them, we will refrain from deciding this issue until it occurs in the context of an active controversy.  See 
Sharma
, 265 Ill. App. 3d at 1029.

The plaintiff also argues that the court erred in refusing to grant his petition under Code section 2-1401.  A section 2-1401 petition is intended to alert the court to matters not appearing of record which, if known to the court at the time the original judgment was entered, would have precluded its entry.  
Cruz v. Columbus-Cuneo-Cabrini Medical Center
, 264 Ill. App. 3d 633, 639, 636 N.E.2d 908 (1994); 
Saeed v. Bank of Ravenswood
, 101 Ill. App. 3d 20, 427 N.E.2d 858 (1981).  The party seeking relief under this section must allege (1) the existence of a meritorious claim or defense; (2) due diligence in presenting that claim or defense in the original action; (3) due diligence in bringing the section 2-1401 petition; and (4) misapprehension of the circuit court with regard to the facts at the time the challenged order or judgment was entered.  
Department of Conservation v. Cipriani
, 202 Ill. App. 3d 986, 990-91, 561 N.E.2d 739 (1990).  The decision to grant or deny relief under section 2-1401 is a matter of trial court discretion based upon the facts and equities of the particular case; this court will not disturb the trial court's decision absent an abuse of discretion.  
Cruz
, 264 Ill. App. 3d at 639.

In his petition, the plaintiff alleged that on January 25, 1997, after the dismissal of his suit, he made a request under FOIA that the University produce "[a]ll disbursement vouchers *** which reflect legal fees and expenses paid to the law firm Keck Mahin & Cate in connection with [the Bosmann suit], and the appeals and remand proceedings related thereto".  He also requested disbursement vouchers reflecting payments to Baker & McKenzie in another case against Bosmann.  The University denied the request, again under sections 7(1)(n) and 7(1)(a).  The plaintiff asserted that, had the trial court been aware that the defendants would deny his subsequent FOIA request on the same basis as in the first case, it would have viewed the question as "likely to recur" under the public interest exception, and ruled on the case despite its mootness.  The trial court disagreed with the argument, and the plaintiff now claims this was an abuse of discretion.

Replying to the plaintiff's argument, the defendants maintain that their response to the subsequent FOIA request may not be used as a basis to vacate the underlying judgment, because a 2-1401 petition may not rely upon events that antedate the underlying judgment.  See 
Russell v. Klein
, 58 Ill. 2d 220, 225, 317 N.E.2d 556 (1974). 

This court is divided over the meaning of 
Russell
, and whether or not a court ruling upon a section 2-1401 petition may consider matters arising after the rendition of the underlying judgment.  
Prairie Material Sales, Inc. v. White Diamond, Inc.
, 157 Ill. App. 3d 779, 783, 510 N.E.2d 1236 (1987); 
Hopkins v. Holt
, 194 Ill. App. 3d 788, 795, 551 N.E.2d 400 (1990) (citing cases); see
 
Gimroth v. Ray
, 98 Ill. App. 3d 633, 424 N.E.2d 934 (1981); but see 
Saeed
, 101 Ill. App. 3d at 26 (post-judgment matters may be considered if they are part of the total circumstances surrounding the original judgment); 
Cipriani
, 202 Ill. App. 3d at 991-92.

However, we leave for another day our resolution of this question.  Even if we consider the defendants' responses to the later FOIA request, we find no abuse of discretion in the denial of section 2-1401 relief, because the two FOIA requests were clearly dissimilar in nature.

The first request sought general accounting statements "reflecting charges incurred in connection with *** disbursement vouchers reflecting payments" to the defendants' attorneys.  The January 25, 1997, request, however, was more particular, calling for the "disbursement vouchers" corresponding to a list of specifically-designated legal charges.  Certain types of billing records may contain explanations for legal fees and may indicate the type of work done or matters discussed between the attorney and client.  As such, they could reveal the substance of confidential attorney-client discussions, and be subject to valid claims of attorney-client privilege or exemption under section 7(1)(n).  See 
Matter of Witnesses Before the Special March 1980 Grand Jury
, 729 F.2d 489, 495 (7th Cir. 1984). 

Based upon the record provided to us, we are unable to ascertain whether the "disbursement vouchers" the plaintiff sought in the second request contained privileged communications.  In any event, because of the obvious disparity between the plaintiff's two requests, the defendants' refusal to produce the records in the second instance has little relevance to its initial denial.  Further, it does not show that the circumstances in the first case were "likely to recur" for purposes of the public interest exception.  Thus, there was no abuse of discretion in denying section 2-1401 relief.

Last, we consider the plaintiff's argument that the court abused its discretion in refusing to grant him attorney fees under section 11(i) of the Act, for his expenses in pursuing his initial request for the accounting records, and in filing suit to obtain those records.  Section 11(i) states:

"(i) If a person seeking the right to inspect or receive a copy of a public record 
substantially prevails
 in a proceeding under this Section, the court may award such person reasonable attorneys' fees if the court finds that the record or records in question were of clearly 
significant interest to the general public
 and that the public body 
lacked any reasonable basis in law
 for withholding the record." (Emphasis added.) 5 ILCS 140/11(i) (West 1994).

The fee provision was intended neither as a reward for successful plaintiffs nor as a punishment against the government.  
Hamer v. Lentz
, 132 Ill. 2d 49, 62, 547 N.E.2d 191 (1989).

As the parties observe, there is limited Illinois law interpreting section 11(i), and none providing any guidance with regard to this case.  Thus, we look to cases interpreting the fee provision in the Federal Freedom of Information Act (5 U.S.C. § 552(a)(4)(E)), which is analogous to our Act.  See 
Hamer
, 132 Ill. 2d at 58.

The express language of the Illinois FOIA states that the court "may" award attorney fees if certain criteria are proven to exist.  5 ILCS 140/11(i) (West 1994).  Thus, similar to the federal FOIA, our Act leaves the decision to award attorney fees to the discretion of the trial court.  See 
e.g.
, 
Solone v. Internal Revenue Service
, 830 F. Supp. 1141, 1142 (N.D. Ill. 1993).  Further, the burden of proving that an award of fees is warranted rests with the party seeking the fees.  
Abernethy v. Internal Revenue Service
, 909 F. Supp. 1562, 1567 (N.D. Ga. 1995), citing 
Chilivis v. Securities & Exchange Comm'n
, 673 F.2d 1205, 1212 (11th Cir. 1982).  As with our FOIA, a plaintiff under the federal statute is eligible to recover fees only upon a threshold showing that he "substantially prevailed" in the underlying action.  5 U.S.C. § 552(a)(4)(E), 552a(g)(3)(B) (1994).  In order to demonstrate that he substantially prevailed, the party requesting fees must demonstrate (1) that the prosecution of the action "could reasonably be regarded as necessary to obtain the information," and (2) that "the action had a substantial causative effect on the delivery of the information."  
Abernethy
, 909 F. Supp. at 1567, quoting 
Chilivis
, 673 F.2d at 1212; 
Seegull Manufacturing Co. v. National Labor Relations Board
, 741 F.2d 882, 885 (6th Cir. 1984).  Once eligibility has been proven, the plaintiff must show that he is entitled to fees by demonstrating, in relevant part, that the government's withholding of the requested records had no "reasonable basis in law".  
Cuneo v. Rumsfeld
, 553 F.2d 1360, 1364 (D.C.Cir. 1992).  The "reasonable basis in law" requirement does not mandate that the exemption claimed by the government be correct, but merely that it be founded upon a colorable basis in law.  See 
Chesapeake Bay Foundation, Inc. v. United States Department of Agriculture
, 11 F.3d 211, 216 (D.C. Cir. 1993).  In order to avoid an award of fees, it should not appear that the government refused production merely to avoid embarrassment or frustrate the requestor.  
Solone
, 830 F. Supp. at 1143.
   

In the instant case, the trial judge found that the plaintiff did not substantially prevail, because the defendants had released the records just two months after suit was filed, and before any ruling on whether or not they were actually encompassed under exemptions 7(1)(n) or 7(1)(a) of the Act.

Such rationale, however, has been found to be without merit, because it could foster circumvention of the purposes of FOIA.  In 
Cuneo
, for example, the court observed that a judgment ordering production of the records was not an absolute prerequisite to an award of fees.  
Cuneo
, 553 F.2d at 1364, citing 
Vermont Low Income Advocacy Council, Inc. v. Usery
, 546 F.2d 509 (2d Cir. 1976); 
Goldstein v. Levi
, 415 F. Supp 303, 305 (D.D.C. 1976).  The courts reason that such a contingency would encourage government agencies to forego any real consideration of FOIA requests until after the requestor filed suit and the threat of a ruling adverse to the agency was imminent.  See 
Cuneo
, 553 F.2d at 1364-65.  Thus, federal courts generally have held that where the government agency voluntarily produces the requested records only after the plaintiff has filed suit, thereby mooting the suit, the plaintiff has substantially prevailed under the fee provision.  See, 
e.g.
, 
Cuneo
, 553 F.2d 1360; 
Nationwide Building Maintenance, Inc. v. Sampson
, 559 F.2d 704 (D.C. Cir. 1977).

We agree with the logic of these decisions, and conclude that the trial court applied an incorrect standard in deciding that the plaintiff did not substantially prevail.  Similar to the federal Act, our Act encourages requestors to seek judicial relief in the event of an unlawful withholding of records by government agencies.  5 ILCS 140/11 (West 1994); see also 
Goldstein
, 415 F. Supp. at 305.  The allowance of fees to compensate for a baseless denial of information will only further this purpose.  Contrary to the defendants' argument, it would not have a chilling effect on government agencies which initially decline production but then discover that production is mandated.  Rather, the prospect of fee reimbursement would prompt officials to release the information as rapidly as possible.

Nonetheless, the fact that the plaintiff substantially prevailed alone is insufficient to establish his entitlement to fees, if other factors weigh in favor of the government.  
Solone
, 830 F. Supp. at 1142; 
Abernethy
, 909 F. Supp. at 1567, citing, among other authorities, 
Chilivis
, 673 F. 3d at 1212; 
Vermont Low Income
, 546 F.2d at 513.  Where the government had a reasonable basis in law to withhold production and did not engage in recalcitrant or obdurate behavior, a denial of fees is not an abuse of discretion.  See 
Cuneo
, 553 F.2d at 1366.

The trial judge stated that he was unable to conclude that the defendants' claimed exemptions were completely without basis in law.  We cannot agree.  

The defendants denied production of the statements under section 7(1)(n), which exempts all "[c]ommunications between a public body and an attorney or auditor representing the public body that would not be subject to discovery in litigation ***."  In addition, the defendants relied upon section 7(1)(a), which exempts "[i]nformation specifically prohibited from disclosure by federal or State law or rules and regulations adopted [thereunder]".  5 ILCS 140/7(1)(a) (West 1994).

It is well-recognized that information regarding a client's fees generally is not a "confidential communication" between an attorney and client, and thus is not protected by the attorney client privilege.  See, 
e.g.
, 
Matter of Grand Jury Proceeding, Cherney
, 898 F.2d 565, 567 (7th Cir. 1990); 
New Haven v. Freedom of Information Commission
, 493 A.2d 283 (Conn. App. 1985)(general billing records not subject to attorney-client exemption under State FOIA).  The payment of fees is merely incidental to the attorney-client relationship and typically does not involve the disclosure of confidential communications arising from the relationship.  
Grand Jury
, 898 F.2d at 567.  

The record indicates that the statements at issue made no reference to the pending litigation other than to name the payee law firm, and designate the amount and the date of each payment.   They did not contain legal advice, nor did they directly or indirectly reveal the substance of an attorney-client confidence.  
United States v. Defazio
, 899 F.2d 626, 635 (7th Cir. 1990), citing 
In re Sealed Case
, 737 F.2d 94, 99 (D.C. Cir. 1984). 

The defendants do not dispute the content of the records at issue.  However, they maintain they had a rational basis in law for initially withholding them, because the language of 7(1)(n) exempts communications between a public body and an attorney "that would not be subject to discovery in litigation".  The defendants assert that they would not be required to produce the requested billing records in discovery; thus, they were justified in refusing production here.

In making this argument, the defendants apparently are attempting to interject an issue as to the relevance or irrelevance of these records to pending litigation; however, such a concern has no place in a FOIA case.  Records pertaining to the affairs of government, the acts of public officials, and the expenditures of public funds "are public records which are to be made available to any person who submits a request to inspect them".  
Hamer v. Lentz
, 171 Ill. App. 3d 888, 898, 525 N.E.2d 1045 (1988), 
rev'd on other grounds
, 132 Ill. 2d 49 (1989).  This rule is subject only to specifically designated exemptions, which are to be narrowly construed.  
Lieber v. Board of Trustees of Southern Illinois University
, 176 Ill. 2d 401, 407-08, 680 N.E.2d 374 (1997).  We agree with the plaintiff that, as long as the particular request is not barred under the Act's exemptions, the purpose of the requestor in making his request is irrelevant.  See 
Lieber v. Southern Illinois University
, 279 Ill. App. 3d 553, 664 N.E.2d 1155 (1996), 
aff'd
, 176 Ill. 2d 401 (1997).   

A review of the record fails to disclose any colorable legal basis for the defendants' initial refusal to produce the requested documents.  Further, in concluding that the plaintiff did not "substantially prevail" in his FOIA claim, the court applied an incorrect legal standard.  Accordingly, we reverse the trial court's order denying section 11(i) attorney fees and remand for a new hearing on such fees consistent with the opinions contained herein.  

The rehearing should concern only those fees which the plaintiff incurred in pursuing his initial FOIA request; fees incurred in bringing the section 2-1401 petition will not be at issue.

For the foregoing reasons, the judgment in docket No. 1-97-0698 is affirmed in part, reversed in part, and remanded.  The judgment in docket No. 1-97-1729 is affirmed.

Affirmed in part, reversed in part, and remanded.

HARTMAN and THEIS, JJ., concur.