STAN LIEBER, Plaintiff-Appellant, v. THE BOARD OF TRUSTEES OF
SOUTHERN ILLINOIS UNIVERSITY, Defendant-Appellee.

Fifth District No. 5—99—0171

Opinion filed September 13, 2000.

Thomas R. Peters and Curtis R. Picou, both of Gundlach, Lee, Eggmann,
Boyle & Roessler, of Belleville, for appellant.

Shari R. Rhode and Lee Ellen Starkweather, both of Southern Illinois
University, and Michael F. Dahlen, of Feirich/Mager/Green/Ryan, both of Car-
bondale, for appellee.

JUSTICE MAAG delivered the opinion of the court:

Stan Lieber, plaintiff-appellant, brought this action seeking the
disclosure of information from Southern Illinois University (Univer-
sity), defendant-appellee, pursuant to the Illinois Freedom of Informa-
tion Act (Act) (5 ILCS 140/1 *et seq.* (West 1992)). The circuit court
entered summary judgment in favor of the University. The circuit
court determined that the University was not required to disclose the

information that Lieber sought, and the court denied Lieber's motion for summary judgment. Lieber appealed to this court, and we reversed the circuit court's summary judgment in favor of the University and granted summary judgment in favor of Lieber. *Lieber v. Southern Illinois University*, 279 Ill. App. 3d 553, 664 N.E.2d 1155 (1996). The University appealed this court's decision to the Illinois Supreme Court, which affirmed our decision. *Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 680 N.E.2d 374 (1997). After the entry of the judgment, Lieber moved for an award of attorney fees pursuant to the Act (5 ILCS 140/11(i) (West 1992)). The circuit court denied the request for attorney fees. Lieber appeals solely on the issue of attorney fees.

The undisputed facts are as follows. The University requires unmarried freshmen under the age of 21 who do not live with their parents to reside either in a University dormitory on campus or in privately owned off-campus housing approved by the University. Lieber owns a University-approved off-campus housing facility known as the Stevenson Arms. In the past, the University supplied Lieber and other owners with information about incoming freshmen so that the owners could contact them directly with information about their respective housing units. The University routinely supplied mailing labels containing names and addresses of incoming students to the Southern Illinoisan—a Carbondale newspaper—and to various religious organizations. The University also supplied this information to state representatives and other educational institutions. Due to declining enrollment, which in turn resulted in more competition between University housing and off-campus housing, the University became uncooperative in releasing the names and addresses of incoming students to the Stevenson Arms. On April 12, 1993, Lieber sent a demand letter to the president of the University, requesting "a complete listing of any and all records relating to freshman housing inquiries, made for the 1993-1994 school year, including the name, address, and telephone number of each and every inquiry received by the University from an accepted freshman, from February 1st, 1993[,] to April 9th, 1993." The University denied Lieber's request on April 15, 1993. In this letter, the president of the University claimed that (1) the Act does not require the release of information to be used for furthering a commercial enterprise and (2) the address-list information for accepted freshmen is exempt from disclosure because the release of student information is restricted by federal law.

Lieber filed a complaint for injunctive relief against the University on May 18, 1993, for the University's failure to disclose records pursuant to the Act (5 ILCS 140/1 *et seq.* (West 1992)). Initially, the

University's and Lieber's motions for summary judgment were denied. The University filed a second motion for summary judgment, asserting that Lieber's sole purpose for seeking the requested information was to further a commercial enterprise. Lieber also filed a second motion for summary judgment and claimed that the information he requested was not exempt. As we previously stated, the circuit court granted the University's motion for summary judgment and denied Lieber's motion for summary judgment. On appeal to this court, we reversed the grant of summary judgment in favor of the University and granted Lieber's motion for summary judgment. *Lieber v. Southern Illinois University*, 279 Ill. App. 3d 553, 664 N.E.2d 1155 (1996). The Illinois Supreme Court affirmed our decision. *Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 680 N.E.2d 374 (1997). The Illinois Supreme Court noted that the preferential treatment of persons or interest groups " 'fosters precisely the distrust of government the [federal Freedom of Information Act] was intended to obviate.' " *Lieber*, 176 Ill. 2d at 413, 680 N.E.2d at 379, quoting *State of North Dakota ex rel. Olson v. Andrus*, 581 F.2d 177, 182 (8th Cir. 1978). The court then adopted for the Illinois Act the principles applicable to the federal act and determined that there was "no valid basis" for withholding the information from Lieber. *Lieber*, 176 Ill. 2d at 413, 680 N.E.2d at 380. The court noted that the only reason the University treated him differently from other organizations is that he was in direct competition with the University for a dwindling freshmen housing market.

Pursuant to the mandate, the circuit court entered a judgment in favor of Lieber. Lieber then moved for attorney fees pursuant to the Act (5 ILCS 140/11(i) (West 1992)). The circuit court held that in order to award attorney fees pursuant to the Act, the information must be of clearly significant interest to the general public and there must be no reasonable basis for withholding the information. The circuit court determined that the documents were not of clearly significant interest to the general public, and the court denied Lieber's request for attorney fees on that basis. Lieber appeals.

Lieber claims that the circuit court improperly denied his motion for attorney fees pursuant to the Act and also contends that the circuit court erred in finding that the records in question were not of clearly significant interest to the general public. The University claims otherwise and also contends that the circuit court properly denied Lieber's motion for attorney fees pursuant to the Act because the University had a reasonable basis in law for withholding the records.

▪ Pursuant to section 11(i) of the Act:

"If a person seeking the right to inspect or receive a copy of a

public record *substantially prevails* in a proceeding under this Section, the court *may* award such person reasonable attorneys' fees if the court finds that the record or records in question were of *clearly significant interest to the general public* and that the *public body lacked any reasonable basis in law for withholding the record.*" (Emphasis added.) 5 ILCS 140/11(i) (West 1994).

We note that this statute states that the court "may" award attorney fees. Hence, the decision to award attorney fees under the Act is left to the discretion of the circuit court. See *People ex rel. Ulrich v. Stukel*, 294 Ill. App. 3d 193, 202, 689 N.E.2d 319, 325 (1997). The circuit court's discretion will only be disturbed if there was an abuse of discretion. *Stukel*, 294 Ill. App. 3d at 203, 689 N.E.2d at 326.

In order to be reimbursed for attorney fees, a plaintiff would have to show, pursuant to section 11(i) of the Act, that (1) he substantially prevailed, (2) the records were of clearly significant interest to the general public, and (3) the public body lacked any reasonable basis in law for withholding the record. If a plaintiff fails to show any one of the foregoing, he has failed to meet his burden. The burden of proving that an award of fees is warranted rests with the party seeking the fees. *Stukel*, 294 Ill. App. 3d at 202, 689 N.E.2d at 325-26.

■ Although it is clear that Lieber "substantially prevailed" and the Illinois Supreme Court has stated that the University had "no valid basis" for withholding the information, he has failed to meet his burden to prove that the records were of "clearly significant interest" to the "general public." The fact that a plaintiff has "substantially prevailed alone is insufficient to establish his entitlement to fees." *Stukel*, 294 Ill. App. 3d at 203, 689 N.E.2d at 326. Even though Lieber was successful in requiring the University to disclose the names, addresses, and telephone numbers of accepted freshmen who had not yet enrolled in the University, the information was not of "clearly significant interest" to the "general public" as the Act requires in order to obtain attorney fees. Pursuant to the Act, the information sought must be of more than mere "interest" or even "significant interest." The information must be of "clearly significant interest." 5 ILCS 140/11(i) (West 1992). Moreover, the interest must be that of the "general public." A review of the record shows that only Lieber and Mr. Woodruff, who also owns University-approved freshmen housing, requested the information contained in Lieber's request under the Act. Lieber has failed to establish that the general population would be clearly interested in the information requested and that the interest would be one of significance and not mere curiosity.

While it is true that, for purposes of *disclosure*, the court should not concern itself with the plaintiff's purpose in requesting the infor-

mation (see *Lieber*, 176 Ill. 2d at 413, 680 N.E.2d at 380), that rule changes when we are determining whether one is entitled to attorney fees under the Act. Section 11(i) of the Act specifically states that the person requesting the records must show that the "records in question were of *clearly significant interest to the general public.*" (Emphasis added.) 5 ILCS 140/11(i) (West 1992). We can only presume that the policy behind this portion of the statute is to prevent someone from expending thousands of dollars on attorney fees solely to support a commercial interest and then seeking to have taxpayers, who have little or no interest in the information, pay his or her attorney fees. See 5 ILCS 140/1 (West 1992).

Because the law in Illinois interpreting section 11(i) of the Act is limited and there are no cases providing any guidance with regard to this case, it is helpful to look to cases interpreting the fee provision in the federal Freedom of Information Act (5 U.S.C. § 552(a)(4)(E) (1994)), which is analogous to our Act. See *Stukel*, 294 Ill. App. 3d at 201, 689 N.E.2d at 325. Generally, courts are disinclined to award fees and costs under the Act where the benefit to the public is merely incidental or secondary to the private commercial benefit to plaintiff. See *Solone v. Internal Revenue Service*, 830 F. Supp. 1141, 1143 (N.D. Ill. 1993) (the Act was enacted to provide information to the public and not to benefit private litigants). Although a commercial benefit does not necessarily disqualify a successful plaintiff under the Act from being awarded attorney fees, where the most significant interest that might derive from the litigation is the commercial interest of the plaintiff and not a vindication of public interest, attorney fees are inappropriate. See *Bangor Hydro-Electric Co. v. United States Department of Interior*, 903 F. Supp. 169, 172 (D. Me. 1995).

Plaintiff argues that this court should not follow the federal Freedom of Information Act since it uses a balancing test that includes the "commercial benefit to the plaintiff" as one of the factors in assessing the appropriateness of attorney fees. See *Bangor*, 903 F. Supp. at 171. The use of this factor, however, is consistent with the Illinois Act. The Illinois Act states that, in order to recover attorney fees, one must show that the records in question were of clearly significant interest to the *general public*. The implication from this language is that the requested information cannot be of interest to only a select few. We note that in this case there were only two people who were interested in the requested information, and they were interested solely for the purpose of furthering their commercial enterprises. In his brief, Lieber has attempted to explain how this information was of interest to the "general public."

First, Lieber claims that the information relating to freshmen

housing inquiries is vital in determining who was accepted versus who actually enrolled. We note, however, that Lieber asked for a list of persons who inquired about freshmen housing. That list would include only a portion of all accepted freshmen and might include the names of parents and other relatives who inquired about freshmen housing for their relatives. Hence, that list could not be compared with a list of those students who eventually enrolled.

Second, Lieber argues that the information that he requested could be used to determine "what areas and persons are deriving benefits from the taxes allocated and spent by [the University]." We note, however, that disclosing the identity and other personal information regarding individuals, such as parents who requested the information who are not enrolled or using the University facilities, can hardly be deemed to be of clearly significant interest to the general public.

Third, Lieber claims that the "shear [sic] number of requests for this information and the types of organizations requesting it show the significance of the information." A review of the record shows that the specific information that Lieber requested was only requested by him or his agents and Mr. Woodruff. Lieber's claim that he intended to turn the information over to a not-for-profit entity that hopes to "ascertain the effectiveness of SIU's administration" and "inform the individuals of housing alternatives" may be true. Unfortunately for Lieber, it appears that this purpose was a thinly veiled attempt to support his commercial enterprise, since the organization that he was going to turn the information over to was a not-for-profit corporation that Lieber formed. The interest of the "general public" in Lieber's study is of no consequence.

Fourth, Lieber contends that the issue is of interest to the "general public" simply because the University was interested in the information. While the University's interest and the various newspaper articles about this case may show that the outcome of the case is newsworthy, it certainly does not show that the "general public" has any interest in the information.

Although we acknowledge that, for purposes of *disclosure*, the court should not consider the plaintiff's purpose in requesting information under the Act, it is clear, pursuant to the foregoing analysis, that the plaintiff's purpose must be considered when the court determines whether the plaintiff is entitled to attorney fees. See 5 ILCS 140/11(i) (West 1992). A review of the record shows that Lieber brought this suit primarily to further his commercial enterprise. The Act was never intended to be used in such a manner (see 5 ILCS 140/1 (West 1992)), and we cannot say that the circuit court abused its

discretion in determining that Lieber was not entitled to attorney fees.

For the foregoing reasons, we affirm the circuit court's finding that the records were not of clearly significant interest to the general public and that Lieber is not entitled to attorney fees pursuant to the Act.

Affirmed.

CHAPMAN and WELCH, JJ., concur.