No. 3--05--0644

Filed February 7, 2007.
IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| WILLIAM CALLINAN, | ) | Appeal from the Circuit Court |
| | ) | of the 9th Judicial Circuit |
| Plaintiff-Appellant, | ) | Fulton County, Illinois |
| | ) | |
| v. | ) | |
| | ) | |
| PRISONER REVIEW BOARD, | ) | |
| | ) | |
| Defendant-Appellee | ) | 03--MR--07 |
| | ) | |
| and | ) | |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | Honorable |
| Intervening | ) | Steven R. Bordner |
| Defendant-Appellee. | ) | Judge Presiding |

PRESIDING JUSTICE LYTTON delivered the Opinion of the Court:

Plaintiff, William Callinan, filed a complaint for declaratory judgment against defendant Prisoner Review Board pursuant to the Freedom of Information Act (Act) (5 ILCS 140/1 et seq. (West 2002)) to obtain his parole file. Defendant Illinois Department of Corrections intervened, alleging that plaintiff was not entitled to certain documents contained in his file. The court ordered defendants to provide plaintiff a copy of his entire parole file. Plaintiff then filed a petition for attorney fees and costs. The

trial court denied the petition. We reverse and remand.

In 2002, William Callinan was incarcerated at Western Illinois Correctional Center serving an indeterminate prison sentence. Prior to a parole hearing, plaintiff's attorney attempted to review plaintiff's file maintained by the Board. The Board allowed plaintiff's counsel to inspect a portion of the file but withheld certain documents from him. Following his examination of the file, plaintiff's counsel requested copies of approximately 500 pages. The Board notified plaintiff's attorney that each page would cost $1, for a total cost of $502.

Thereafter, plaintiff, through his counsel, requested that the Board provide him with a copy of his entire parole file pursuant to the Act (5 ILCS 140/3 (West 2002)) and reduce the copying costs to 5 to 10 cents per page. The Board failed to respond to plaintiff's request. Plaintiff then filed a declaratory judgment action against the Board, requesting the trial court to find that the Board violated the Act by failing to provide him copies of his entire file and charging him $1 per copied page. In its answer, the Board denied both claims.

At this point, the Department intervened because some of the documents plaintiff requested were in its custody and control. The Department asserted that certain documents in plaintiff's file were exempt from disclosure under the Act.

Plaintiff filed a motion for summary judgment. The trial

court partially granted the motion, finding that plaintiff's attorney was entitled to the contested documents. However, the court held that there were genuine issues of material fact regarding the reasonableness of the copying charges.

Thereafter, in response to plaintiff's interrogatories, the Board explained that its copying costs were calculated by taking into account the salary of the chief legal counsel who would be making the copies and also assumed a postage charge of 37 cents per page. Plaintiff filed a renewed motion for summary judgment, arguing that the copying costs were unreasonable and in violation of the Act. The trial court granted plaintiff's motion and ordered defendants to charge plaintiff no more than $35.10 to copy 500 pages of plaintiff's file. The parties later agreed that defendants would charge plaintiff $75 for copying the entire file.

In 2005, plaintiff filed a petition for approval of fees, requesting that the court award him attorney fees and costs in the amount of $10,979.81, pursuant to section 11(i) of the Act. See 5 ILCS 140/11(i) (West 2002). According to his affidavit, plaintiff's attorney spent a total of 54.4 hours on plaintiff's case, 34 hours of which he expended in 2004 and 2005. Based on an hourly rate of $200, plaintiff requested a total of $10,880 in attorney fees. Plaintiff also requested $99.81 in costs that his attorney incurred by staying overnight in a hotel prior to a 2004 court hearing.

In its response, the Board noted, among other things, that section 11(i) had been amended in 2004, and that the amended version should apply to plaintiff's petition.

The trial court denied plaintiff's petition. The court explained that it was not inclined to award fees "[a]bsent fraud, malice, or wilful lack of compliance with the Freedom of Information Act." According to the court, plaintiff was not entitled to his attorney fees because "there was no finding of contempt or such an egregious violation of the Act to justify awarding attorney fees." Plaintiff appeals the trial court's denial of his petition for fees.

ANALYSIS

I.

Section 11(i) of the Act, which allows an award of attorney fees for a successful plaintiff, was amended on January 1, 2004. Under the original statute, plaintiffs were entitled to fees when they proved that (1) they substantially prevailed, (2) the record or records in question clearly were of significant interest to the general public, and (3) the public body lacked any reasonable basis in law for withholding the record. See 5 ILCS 140/11(i) (West 2002); Duncan Publishing, 304 Ill. App. 3d at 786, 709 N.E.2d at 1287. Defendants contend that the original version of the statute applies and allows plaintiff to recover fees only if it satisfied all three conditions:

4

"If a person seeking the right to inspect or receive a copy of a public record substantially prevails in a proceeding under this Section, the court may award such person reasonable attorneys' fees if the court finds that the record or records in question were of clearly significant interest to the general public and that the public body lacked any reasonable basis in law for withholding the record." 5 ILCS 140/11(i) (West 2002).

Under the January 1, 2004 amendment, plaintiffs without a commercial interest need only prove that they have substantially prevailed in the action, while parties with a commercial interest must still prove that their request also serves a public interest and that defendants lacked a reasonable basis for withholding the records. See 5 ILCS 140/11(i) (West 2004). The amended statute provides:

"If a person seeking the right to inspect or receive a copy of a public record substantially prevails in a proceeding under this Section, the court may award such person reasonable attorneys' fees and costs. If, however, the court finds that the fundamental purpose of the request was to further the commercial interests of the requestor, the court may award reasonable attorneys' fees and costs if the court finds that the record or records in question were of clearly significant interest

5

to the general public and that the public body lacked any reasonable basis in law for withholding the record." 5 ILCS 140/11(i) (West 2004).

In deciding which version of the statute applies, we must first determine whether the legislature has expressly prescribed the statute's temporal reach. See Allegis Realty Investors v. Novak, Nos. 100682, 100730 (cons.), ___ Ill. 2d ___, ___ N.E.2d ___, 2006 WL 2691447 (Sept. 21, 2006). If the statute contains no express provision regarding its temporal reach, we must then determine if the statutory amendment is procedural or substantive. See Allegis, Nos. 100682, 100730 (cons.), ___ Ill. 2d ___, ___ N.E.2d ___, 2006 WL 2691447. Those that are procedural may be applied retroactively, while those that are substantive may not. Caveney v. Bower, 207 Ill. 2d 82, 92, 797 N.E.2d 596 (2003).

Nothing in the 2004 amendment to section 11(i) of the Act indicates that the attorney fees provision should not be applied to cases pending at the time of its enactment. Thus, we need to determine if the statutory provision is procedural or substantive.

Illinois generally characterizes attorney fees as procedural for retroactivity purposes and applies new attorney fees statutes to pending cases. See Songer v. State Farm Fire and Casualty Co., 91 Ill. App. 3d 248, 254, 414 N.E.2d 768, 773 (1980); People v. Frieder, 90 Ill. App. 3d 116, 120, 413 N.E.2d 432, (1980). However, Illinois courts will not give retroactive application to

6

an attorney fees statute where (1) liability did not exist prior to enactment of the legislation; (2) the conduct giving rise to possible liability occurred before the effective date; and (3) the party against whom expenses were sought could not avoid or limit its liability by any action taken after the statute's effective date. See Board of Education of School Dist. No. 170 v. Illinois State Board of Education, 122 Ill. App. 3d 471, 477, 461 N.E.2d 567, 572 (1984).

The amended attorney fees provision contained in the Act satisfies none of the elements outlined in Board of Education. The pre-amendment version placed defendants on notice that their refusal to disclose the requested documents could subject them to liability. The 2004 amendment did not create new liability for attorney fees; it only altered plaintiff's burden of proof. Defendants incurred liability for plaintiff's attorney fees initially by refusing plaintiff's requests for documents and continued to incur substantial liability after the amendment became effective when they continued to deny plaintiff the requested documents. Defendants, who notified the court and plaintiff of the amendment, were clearly aware of its existence and should have realized that it may have subjected them to greater liability. Defendants could have significantly reduced their liability, considering the 34 hours of work plaintiff's attorney incurred after the statute was amended, by providing plaintiff with the

7

requested documents soon after the amendment became effective. Thus, we conclude that the 2004 amendment to section 11(i) applied to plaintiff's petition for fees.

II.

A court should award attorney fees pursuant to a statutory fee provision where the objectives of the statute and fee provision will be promoted. See King v. Illinois State Board of Elections, 410 F.3d 404 (7th Cir. 2005) (awarding fees to intervenors because it promoted goals of fee-shifting provisions of the Civil Rights Act and Voting Rights Act); Jackman v. WMAC Investment Corp., 809 F.2d 377 (7th Cir. 1987) (upholding attorney fees award where it furthered objectives of wage claim statute).

Here, the intent of the Act is to "encourage[] requestors to seek judicial relief in the event of an unlawful withholding of records by government agencies." People ex rel. Ulrich v. Stukel, 294 Ill. App. 3d 193, 203, 689 N.E.2d 319, 326 (1998). The primary purpose of the Act's attorney fee provision "is to prevent the sometimes insurmountable barriers presented by attorney's fees from hindering an individual's request for information and from enabling the government to escape compliance with the law." Duncan Publishing, Inc. v. City of Chicago, 304 Ill. App. 3d 778, 786, 709 N.E.2d 1281, 1287 (1999).

A trial court's decision as to whether a plaintiff has proven entitlement to attorney fees under the Act is reviewed for an abuse

8

of discretion.  See <u>Stukel</u>, 294 Ill. App. 3d 193, 689 N.E.2d 319. An abuse of discretion will be found where the court applied the wrong legal standard.  <u>Zavell & Associates, Inc. v. CCA Industries, Inc</u>., 257 Ill. App. 3d 319, 628 N.E.2d 1050 (1993).

Under the original version of the Act, a trial court ruling on a petition for attorney fees had to consider whether (1) the plaintiff substantially prevailed, (2) the records were of clearly significant interest to the general public and (3) the public body lacked any reasonable basis in law for withholding the records. See <u>Lieber v. Board of Trustees of Southern Illinois University</u>, 316 Ill. App. 3d 266, 736 N.E.2d 213 (2000).  If a plaintiff proved all three elements, the trial court should award attorney fees. See <u>Stukel</u>, 294 Ill. App. 3d 193, 689 N.E.2d 319; <u>Duncan</u>, 304 Ill. App. 3d 778, 709 N.E.2d 1281.

The amended statute provides that if a person "substantially prevails in a proceeding * * * , the court may award such person reasonable attorneys' fees and costs." 5 ILCS 140/11(i) (West 2004).  The only prerequisite to an award of attorney fees under the amended version of the Act is whether the plaintiff "substantially prevails."  Thus, under the amended statute, when a trial court finds that a plaintiff has substantially prevailed, it should grant attorney fees to a non-commercial plaintiff.  See <u>Stukel</u>, 294 Ill. App. 3d 193, 689 N.E.2d 319 (attorney fees should be granted when all prerequisites of statute are met); <u>Duncan</u>, 304

9

Ill. App. 3d 778, 709 N.E.2d 1281 (attorney fees are warranted when all elements are satisfied). A court may deny fees only where special circumstances would render such an award unjust.[1] See Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 88 S. Ct. 964, 19 L. Ed. 2d 1263 (1968) (absent special circumstances, a prevailing plaintiff should ordinarily recover attorney fees under the Civil Rights Act (42 U.S.C. §2000a-3(b)), which provides that "the court, in its discretion may allow the prevailing party * * * a reasonable attorney's fee * * *."); see also Krautsack v. Anderson, ___ Ill. 2d ___, ___ N.E.2d ___, No. 101718, slip op. at 14 (Dec. 21, 2006) (certain "[c]ircumstances may exist which militate against an award of fees to a prevailing plaintiff" under section 10a(c) of the Consumer Fraud Act (815 ILCS 505/10a(c) (West 2004)), which provides that the court "may award * * * reasonable attorney's fees and costs to the prevailing party.").

Here, the trial court granted plaintiff summary judgment on

---

[1] Special circumstances justifying a trial court's denial of attorney fees to a prevailing plaintiff might include (1) the plaintiff is a nonlawyer proceeding pro se (Brazas v. Ramsey, 291 Ill. App. 3d 104, 682 N.E.2d 476 (1997)); (2) an attorney proceeds pro se under the Act (Hamer v. Lentz, 132 Ill. 2d 49, 547 N.E.2d 191 (1989)); (3) the defendant entered into a nuisance settlement solely to end a frivolous and groundless suit and avoid the expense of litigation (Tyler v. Corner Construction Corp., Inc., 167 F.3d 1202 (8th Cir. 1999)); (4) the plaintiff was not instrumental in achieving the remedy sought (see Riddell v. National Democratic Party, 624 F. 2d 539 (5th Cir. 1980); Love v. Deal, 5 F.3d 1406 (11th Cir. 1993)); or (5) the plaintiff, through a settlement or consent order, agreed to waive his right to pursue fees (see Love, 5 F.3d 1406).

10

all of his claims, ordering defendants to provide plaintiff with the undisclosed documents at a reasonable cost. It is undisputed that plaintiff substantially prevailed in his action to obtain the records he requested. It is also undisputed that plaintiff was not seeking the documents for any commercial interest. Because plaintiff proved that he substantially prevailed, the only element necessary to establish his entitlement to attorney fees, the trial court should not have denied him fees absent special circumstances. Defendants have not claimed that any special circumstances exist and we have found none that would preclude an award of attorney fees to plaintiff.

In addition, an award of attorney fees in this case furthers the purposes of the Act and its fee provision. Plaintiff was an indigent prisoner seeking his parole file in preparation for a parole hearing. But for the trial court's orders, defendants could have indefinitely withheld documents from plaintiff and refused to produce any documents to him at a reasonable cost. Without the fee provision, plaintiff may have been unable to obtain counsel to require defendants to comply with the law. See Duncan, 304 Ill. App. 3d at 786, 709 N.E.2d at 1287.

In denying plaintiff's petition for fees, the trial court read new requirements into the Act. The court found that to recover fees, plaintiff had to prove fraud, malice, a wilful lack of compliance with the Act or an egregious violation of the Act.

11

Nothing in section 11(i) required plaintiff to sustain such a burden of proof.  Because the court applied the wrong legal standard and read new requirements into the Act, it abused its discretion and improperly denied plaintiff's petition for attorney fees and costs.

The order of the circuit court of Fulton County is reversed and remanded.

Reversed and remanded.

O'BRIEN and SCHMIDT, JJ., concurring.